# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| **SIMON LEWIS**<br>**LA. DOC #542105**<br>**VS.** | **CIVIL ACTION NO. 6:16-CV-00615**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **N. BURL CAIN** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

## MEMORANDUM ORDER

*Pro se* petitioner Simon Lewis, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on May 4, 2016. Petitioner attacks his 2010 conviction for Second Degree Murder and the life sentence imposed thereon by the Fifteenth Judicial District Court, Lafayette Parish.

On February 7, 2008, Petitioner was charged by a grand jury with first degree murder in violation of La. R.S. 14:30. On May 6, 2008, upon the State's motion, the indictment was amended to second degree murder, in violation of La. R.S. 14:30.1. On August 26, 2010, he was convicted by a jury of second degree murder. On October 10, 2010, a life sentence was imposed by the Fifteenth Judicial District Court for Lafayette Parish.[1]

Petitioner directly appealed to the Louisiana Third Circuit Court of Appeal, filing both a counseled and *pro se* brief, While Petitioner did not provide his appellate brief in conjunction with the instant petition, the Third Circuit's opinion sets forth the two assignments of error made therein: (1) trial court erred in overruling his objection to the State's use of his recorded statement given to police on January 16, 2008, in light of evidence that the police officer followed a departmental

---

[1] *See* procedural history contained in the Third Circuit's ruling on petitioner's direct appeal. *State v. Lewis*, 2011-357 (La. App. 3 Cir. 11/2/11), 2011 WL 5171753.

protocol in not turning on the tape recorder while Mr. Lewis was making exculpatory statements; and (2) trial court erred in denying his motion for a new trial after learning that a juror who had not been sequestered during the trial went to the crime scene at night and reported his findings to the jury the following day. *Id.*

On November 2, 2011, the Third Circuit affirmed petitioner's conviction.[2] *Id.* Petitioner sought further review in the Louisiana Supreme Court on an unknown date, which was denied on April 9, 2012. *State v. Lewis,* 2011-2662 (La. 4/9/12), 85 So.3d 694.

Petitioner did not seek further direct review in the United States Supreme Court. [Rec. Doc. 1, p. 4, ¶9(h)]

On March 8, 2013, Petitioner filed a pro se application for post-conviction relief in the District Court. [Rec. Doc. 1-2, pp. 10-41] He argued four claims for relief: (1) ineffective assistance of trial counsel for failing to advise petitioner of a plea offer from the state; (2) petitioner requested DNA/fingerprint evidence to be produced (tested) as it would exonerate him of the charges; (3) prosecutorial misconduct on the following grounds: (a) prosecution presented inadmissible evidence; (b) prosecution knowingly introduced false testimony; and (c) prosecutor made improper comments in closing arguments; and (4) ineffective assistance of trial counsel for failure to investigate for exculpatory defense materials. On May 17, 2013, pursuant to receipt of the District Attorney's answer to the application, the Court ordered representation by the Indigent Defender's Office, wherein counsel was appointed and the matter was set for hearing. [Rec. Doc. 1-2, p. 6] According to Petitioner, a hearing was held on November 12, 2013, pursuant to which his court-appointed

---

[2]The Supreme Court found one error patent, an incorrect statutory citation; however, it held that the record showed no indication that the citation error prejudiced Defendant and accordingly, the error was harmless. Id. At *1.

counsel, pursuant to negotiations with the state, abandoned his claim related to DNA/fingerprint evidence. [Rec. Doc. 1-1, pp. 1-2] The Court ruled that petitioner failed to establish that a plea offer existed, failed to prove any misconduct occurred and failed to prove ineffective assistance of counsel. [Rec. Doc. 1-1, p. 2] On February 28, 2014, petitioner's counsel motioned the court to amend petitioner's post-conviction application to include a claim for jury misconduct.[3] A hearing was conducted on May 5, 2014 to determine whether the actions of a juror visiting the crime scene and reporting information during deliberation deprived the defendant of the safeguards, fundamental fairness, and due process afforded during a criminal trial. *Id.* In denying Petitioner's Supplemental Application for Post-Conviction Relief on June 17, 2014, Trial Court held that while he juror's actions did amount to misconduct, that the misconduct did not prejudice or improperly influence the case. *Id.*

It appears that petitioner filed two separate writ applications with the Third Circuit Court of Appeal. The first bearing Docket Number KH-13-01414, and the second bearing Docket Number KH-14-01235.

Petitioner filed his first application for writ of review in the Third Circuit, in Docket KH-13-01414, on an unknown date, raising unknown issues. It is presumed that this application was denied by the Third Circuit, as petitioner then applied for supervisory and/or remedial writs in the Louisiana Supreme Court, on an unknown date; same was denied on February 6, 2015. *State ex rel. Simon Lewis v. State of Louisiana*, 2014-0866 (La. 2/6/15), 158 So. 811.

With respect to Docket KH-14-01235, petitioner applied for writ of review in the Third

---

[3]*See* procedural history contained in the Trial Court's ruling on Petitioner's Post-Conviction Relief Application, Doc. 1-2, pp. 8.

3

Circuit on November 21, 2014, which was denied on April 30, 2015. [Rec. Doc. 1-2, p. 4] While his application to the Third Circuit was not provided, the Court can glean from the appellate court's ruling that the issue raised in this writ application was that of juror misconduct related to the juror visiting the accident scene. *Id.* On an unknown date, petitioner sought writs in the Louisiana Supreme Court.[4] On March 24, 2016, the Louisiana Supreme Court denied petitioner's application for supervisory writs, finding that there was no error in the lower court's ruling. [Rec. Doc. 1-2, pp. 2-4]

The instant petition was filed on May 5, 2016, clearly setting forth two claims for relief: (1) ineffective assistance of trial counsel in failing to advise petitioner of plea offer from the state; and (2) prosecutorial misconduct. [Rec. Doc. 1, p. 6 & p. 8] However, in the "Constitutional Claims for Review" section of his Memorandum in Support of Writ of Habeas Corpus, he discusses numerous other issues not specifically raised in his Petition, and it is unclear if he is intending to raise them as grounds for relief. Moreover, Petitioner states in his Memorandum that the Third Circuit did not allow review of his claim of the ineffective assistance of trial counsel or prosecutorial misconduct, which appear to be an admission of failure to exhaust. [Rec. Doc. 1-1, p. 20] In addition, the instant petition does not specify whether his ineffective assistance of counsel argument pertains to trial counsel, post-conviction relief counsel, or both, as alluded to in his Memorandum, nor whether either of these claims has been properly exhausted.

Before reaching the merits of a *habeas* claim, a preliminary review of the pleadings and exhibits is conducted in order to determine whether the petitioner has exhausted all available state

---

[4]The Court will presume the application was timely filed in the Supreme Court, as the Court's written reasons for ruling do not state otherwise.

remedies prior to filing his petition in federal court;[5] whether the petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1);[6] and/or whether any of the claims raised are subject to the procedural default doctrine.[7]

It is unclear exactly what claims for relief petitioner intends to raise in the instant petition. Furthermore, it is unclear whether petitioner has exhausted available State Court remedies with respect to each claim.

Therefore,

**IT IS ORDERED THAT** petitioner amend his pleading within forty (40) days of this order and provide the following information and documents:

---

[5] *Habeas* petitioners cannot collaterally attack state court convictions in federal court until all available state court remedies have been exhausted. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir. 1983). This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438, 443 (1971); *Shute v. Texas,* 117 F.3d 233 (5th Cir. 1997). See also, 28 U.S.C. § 2254(b)(1)(A) and (B) – "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant."

[6] "A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..."
\*     \*     \*
The time during which a properly filed application for State post-conviction or other collateral review ... is pending shall not be counted toward any period of limitation under this subsection."

[7] The procedural default doctrine bars federal *habeas corpus* review when a state court declines to address a petitioner's federal claims because the petitioner has failed to follow or has been defaulted by a state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991). "[I]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal *habeas* review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750-51. This doctrine ensures that federal courts give proper respect to state procedural rules. *Id.* Furthermore, the doctrine presumes that a state court's express reliance on a procedural bar functions as an independent and adequate ground in support of the judgment. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1996).

1. **LIST** each and every claim you intend to bring before this Court pursuant to the instant Petition for Writ of Habeas Corpus;

2. **DATED** copy of the writ application filed in the Third Circuit Court of Appeal, Docket Number KH-13-01414;

3. Copy of the Third Circuit's Judgment in Docket Number KH-13-01414;

4**. DATED** copy of the writ application filed in the Louisiana Supreme Court, Docket Number 2014-KH-0866;

5. **DATED** copy of the writ application filed in the Third Circuit Court of Appeal, Docket Number KH-14-01235;

6. **DATED** copy of the writ application filed in the Louisiana Supreme Court, Docket Number 2015-KH-1035;

In the event petitioner is unable to provide **DATED COPIES** he may prove the date of filing by other means, such as prison mail logs, etc

In Chambers, Lafayette, Louisiana  July 29, 2016

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**