# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

SIMON LEWIS                                   CIVIL ACTION NO. 6:16-00615
     LA. DOC #542105
VS.                                           SECTION P

                                           JUDGE JAMES

N. BURL CAIN                                  MAGISTRATE JUDGE HANNA

## REPORT AND RECOMMENDATION

*Pro se* petitioner Simon Lewis, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on May 4, 2016.  Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections.  He is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, where he is serving a life sentence imposed following his August 26, 2010 conviction for second degree murder.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

For the following reasons, **IT IS RECOMMENDED** that petitioner's first, second, third and fourth claims for relief, that the lower courts abused their

discretion in denying petitioner's Writ of Review to the Louisiana Supreme Court because petitioner failed to attach records of the state's lower courts, that petitioner received ineffective assistance of counsel because defense counsel failed to advise petitioner of a plea offer, that petitioner received ineffective assistance of counsel because  defense counsel failed to investigate and raise a proper defense and that petitioner was denied due process of law due to prosecutorial misconduct, respectively,  be **DENIED AND DISMISSED WITH PREJUDICE** because these claims are  procedurally defaulted.

**IT IS FURTHER RECOMMENDED** that petitioner's fifth claim for relief, that there was juror misconduct, remain pending for further review.

### *Background*

On February 7, 2008, Petitioner was charged by a grand jury in the 15th Judicial District Court, Lafayette Parish, with first degree murder in violation of La. R.S. 14:30.  On May 6, 2008, upon the State's motion, the indictment was amended to second degree murder, in violation of La. R.S. 14:30.1.  On August 26, 2010, petitioner was convicted by a jury of second degree murder.  On October 10, 2010, a life sentence was imposed.[1]

---

[1]*See* procedural history contained in the Third Circuit's ruling on petitioner's direct appeal.  *State v. Lewis*, 2011-357 (La. App. 3 Cir. 11/2/11), 2011 WL 5171753.

Petitioner directly appealed to the Louisiana Third Circuit Court of Appeal, filing both a counseled and *pro se* brief.  While Petitioner did not provide his appellate brief in conjunction with the instant petition, the Third Circuit's opinion sets forth the two assignments of error: (1) the trial court erred in overruling his objection to the State's use of his recorded statement given to police on January 16, 2008, in light of evidence that the police officer followed a departmental protocol in not turning on the tape recorder while Mr. Lewis was making exculpatory statements; and (2) the trial court erred in denying his motion for a new trial after learning that a juror who had not been sequestered during the trial went to the crime scene at night and reported his findings to the jury the following day.  *Id.*

On November 2, 2011, the Third Circuit affirmed petitioner's conviction.[2] *Id.*  Petitioner sought further review in the Louisiana Supreme Court on an unknown date.  The Louisiana Supreme Court denied review on April 9, 2012. *State v. Lewis,* 2011-2662 (La. 4/9/12), 85 So.3d 694.  Petitioner did not seek further review in the United States Supreme Court. [Rec. Doc. 1, p. 4, ¶9(h)]

On March 8, 2013, Petitioner filed a *pro se* application for post-conviction relief in the District Court. [Rec. Doc. 1-2, pp. 10-41] He argued four claims for

---

[2]The Supreme Court found one error patent, an incorrect statutory citation; however, it held that the record showed no indication that the citation error prejudiced Defendant and accordingly, the error was harmless. Id. At *1.

relief: (1) ineffective assistance of trial counsel for failing to advise petitioner of a plea offer from the state; (2) petitioner requested DNA/fingerprint evidence to be produced (tested) as it would exonerate him of the charges; (3) prosecutorial misconduct on the following grounds: (a) prosecution presented inadmissible evidence; (b) prosecution knowingly introduced false testimony; and (c) prosecutor made improper comments in closing arguments; and (4) ineffective assistance of trial counsel for failure to investigate for exculpatory defense materials.  On May 17, 2013, pursuant to receipt of the District Attorney's answer to the application, the Court ordered representation by the Indigent Defender's Office, counsel was appointed and the matter was set for hearing. [Rec. Doc. 1-2, p. 6] According to Petitioner, a hearing was held on November 12, 2013, pursuant to which his court-appointed counsel, in connection with negotiations with the state, abandoned his claim related to DNA/fingerprint evidence. [Rec. Doc. 1-1, pp. 1-2] The Court ruled that petitioner failed to establish that a plea offer existed, failed to prove any misconduct occurred and failed to prove ineffective assistance of counsel. [Rec. Doc. 1-1, p. 2]

On February 28, 2014, petitioner's counsel motioned the court to amend petitioner's post-conviction application to include a claim for jury misconduct.[3]  A

---

[3] *See* procedural history contained in the Trial Court's ruling on Petitioner's Post-Conviction Relief Application, Doc. 1-2, pp. 8.

hearing was conducted on May 5, 2014, to determine whether the actions of a juror visiting the crime scene and reporting information during deliberation deprived the defendant of the safeguards, fundamental fairness, and due process afforded during a criminal trial. *Id.* In denying Petitioner's Supplemental Application for Post-Conviction Relief on June 17, 2014, the Trial Court held that while the juror's actions did amount to misconduct, that misconduct did not prejudice or improperly influence the case. *Id.*

Petitioner filed two separate writ applications with the Third Circuit Court of Appeal. The first, bearing Docket Number KH-13-01414, was filed on or about December 16, 2013, raising the following claims previously raised in petitioner's original post-conviction application: (1) ineffective assistance of trial counsel, where counsel failed to inform him of plea offer; (2) ineffective assistance of trial counsel, where counsel failed to investigate and raise proper defense; (3) prosecutorial misconduct; and (4) trial court abused its discretion in denying petitioner's writ based upon his failure to attach records of the lower court. [*See* Rec. Doc. 8-1, pp. 2-21][4]  This writ application was denied by the Third Circuit on March 19, 2014, as deficient and not in compliance with La. Code Crim.P. art.

---

[4]While Petitioner did not provide a copy of his Writ of Review to the Third Circuit Court of Appeal, this Court is able to deduce that these were the issues raised therein based on his Writ Application to the Louisiana Supreme Court, Rec. Doc. 8-1, pp. 2-21

912.1(C), Uniform Rules – Courts of Appeal, Rules 4-5 and Third Circuit Internal Rule 16. According to the Third Circuit, petitioner's writ application did not contain a certificate of service on the judge and opposing counsel, an index of all items contained therein, an affidavit of correctness, a concise statement on the grounds on which the jurisdiction of the Court is invoked, a copy of the judgment, order, or ruling complained of (if by written judgment, order or ruling), a copy of the judge's reasons for judgment, order, or ruling (if written), a copy of the pleading on which the judgment, order, or ruling was founded, a copy of the November 12, 2013 post-conviction hearing transcript and any evidence introduced at the hearing. [Rec. Doc. 8-1, p.1].

Instead of attempting to cure the procedural deficiencies noted by the Third Circuit, petitioner filed a writ application in the Louisiana Supreme Court on or about April 17, 2014, presumably raising the same issues raised in the Third Circuit. That writ application was denied on February 6, 2015, without comment. *State ex rel. Simon Lewis v. State of Louisiana*, 2014-0866 (La. 2/6/15), 158 So.3d 811; *see also* Rec. Doc. 8-1, p. 22.

On or about November 21, 2014, petitioner filed a second writ application in the Third Circuit, which was assigned Docket No. KH-14-01235. While this application to the Third Circuit was not provided, the Court can glean from the appellate court's ruling that the issue raised was that of juror misconduct related to

6

the juror visiting the accident scene, the same claim raised in petitioner's second or supplemental post-conviction application. [Rec. Docs. 1-2, p. 4 & 8-1, p. 23] The Third Circuit denied this writ application, with reasons, on April 30, 2015. [Rec. Docs. 1-2, p. 4 & 8-1, p. 23].

On or about May 19, 2015, petitioner sought writs in the Louisiana Supreme Court.[5]  On  March 24, 2016, the Louisiana Supreme Court denied  supervisory writs finding that there was no error in the lower court's ruling. *State ex rel. Simon Lewis v. State of Louisiana*, 2015-KH-1035 (La. 3/24/16), 188 So.3d 1013; *see also* Rec. Docs. 1-2, pp. 2-4 & 8-1, p. 42-43.

The instant petition was filed on May 5, 2016. [Rec. Doc. 1] It was initially unclear as to the exact claims raised in his petition, and in his August 30, 2015 Response to Magistrate's Order to Amend Petition [Rec. Doc. 8], petitioner clarified that he is raising the following claims: "(1) the lower courts abused their discretion in denying petitioner's Writ of Review to the Louisiana Supreme Court for petitioner to attach records of the state's lower courts that petitioner was not able to obtain;  (2) petitioner received ineffective assistance of counsel where defense counsel failed to advise petitioner of plea offer; (3) petitioner received

---

[5]Petitioner raised the following claims: (1) whether the act of a juror visiting the crime scene and reporting this information to the jury during deliberation violative of the district court's jury instructions and sequestration order that deprived Mr. Lewis of the safeguards, the fundamental fairness, and the Due Process afforded at all phases of a criminal trial; and (2) whether the failure of the jury to follow the district court's jury instructions and allow for adequate deliberation contributed to the denial of the fundamental fairness and Due Process afforded to the accused. [Rec. Doc. 8-1, pp. 24-41]

ineffective assistance of counsel when defense counsel failed to investigate and raise proper defense; (4) petitioner was denied due process of law due to prosecutorial misconduct; and (5) jury misconduct." [Rec. Doc. 8].

## *Law and Analysis*

### I. *Claims 1-4*

#### A. *Exhaustion and "Technical" Procedural Default*

Petitioner's first four claims were raised in petitioner's original application for post-conviction relief.  These claims are paraphrased as follows: (1) that the lower courts abused their discretion in denying petitioner's Writ of Review to the Louisiana Supreme Court because petitioner failed to attach records of the state's lower courts, (2) that petitioner received ineffective assistance of counsel because defense counsel failed to advise petitioner of a plea offer, (3) that petitioner received ineffective assistance of counsel because  defense counsel failed to investigate and raise a proper defense and (4) that petitioner was denied due process of law due to  prosecutorial misconduct.[6]

The scope of federal *habeas* review is limited by the intertwined doctrines of procedural default and exhaustion. Procedural default exists where (1) a state court clearly and expressly bases its dismissal of a claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal,

---

[6]These claims are hereinafter referred to as "Claims 1-4."

("traditional" procedural default), or (2) the petitioner fails to properly exhaust all available state remedies, and the state court to which he would be required to petition would now find the claims procedurally barred, ("technical" procedural default). In either instance, the petitioner is deemed to have forfeited his federal *habeas* claim. *Bledsue v. Johnson*, 188 F.3d 250, 254-55 (5th Cir.1999) citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1986) and *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

It is well settled that a petitioner seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir.1983); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir.1999); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir.1998). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of each of his claims to the state courts in a "procedurally proper manner." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5 Cir.2001); *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir.1998) *citing Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir.1985); *Mercadel*, 179 F.3d at 275 *citing Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103

9

S.Ct. 1508, 75 L.Ed.2d 937 (1983); *Deter v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). When a petitioner has raised a claim in a procedural context "in which its merits will not be considered," he has not "fairly presented" the claim to the state courts and, accordingly, has not satisfied the exhaustion doctrine. *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989); *Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir.1989).

Moreover, each claim must be presented to the state's highest court, even when review by that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Magouirk*, 144 F.3d at 360 *citing Richardson*, 762 F.2d at 431-32.  Such presentment can be accomplished on direct appeal or state collateral or *habeas* proceedings. *Morris v. Dretke,* 413 F.3d 484, 491 (5th Cir. 2005) *citing Orman v. Cain*, 228 F.3d 616, 620 (5th Cir.2000).  In Louisiana, the highest court is the Louisiana Supreme Court.  Thus, in order to properly exhaust a claim, a federal *habeas corpus* petitioner must have fairly presented the substance of the claim in a procedurally correct manner to the Louisiana Supreme Court in either direct appeal or in post-conviction proceedings.

Under Louisiana law, the various Courts of Appeal have supervisory jurisdiction over cases which arise within their circuits. LSA Const. Art. 5, § 10(a). Specifically, with regard to Applications for Post–Conviction Relief, LSA C.Cr.P. art.

10

930.6 provides, "The petitioner may invoke the supervisory jurisdiction of the court of appeal if the trial court dismisses the application or otherwise denies relief on an application for post-conviction relief." Thus, the first step in the review process is an application for writs in the appropriate court of appeals.

In this case, petitioner sought appellate review of the trial court's ruling on claims 1-4 contained in his original Post-Conviction Application.  However,  the Third Circuit did not address the merits of petitioner's claims because petitioner failed to abide by that court's procedural rules for proper presentation of claims.  Thus, petitioner's writ application was denied solely on procedural grounds-Louisiana Code Criminal Procedure article 912.1(C), Rule 4–5 of the Uniform Rules of the Courts of Appeal and Third Circuit Internal Rule 16.

Petitioner chose not to resubmit his writ application to the Third Circuit in accordance with the Third Circuit's rules.  Rather, petitioner chose to by-pass the Third Circuit's review, and instead, improperly opted to seek review directly in the Louisiana Supreme Court.

The Louisiana Supreme Court has supervisory jurisdiction over the courts of appeal. LSA Const. Art. 5, §5.  In this instance, however, the intermediate appellate court never had an opportunity to review petitioner's claims 1-4 because they were never presented in a procedurally proper manner. Therefore, the merits

11

of petitioner's claims were not properly before the Louisiana Supreme Court. Petitioner's claims therefore remain unexhausted.  *See Grace v. Warden Louisiana State Penitentiary,* 2015 WL 2185207, *6 (W.D. La. 2015) *citing Ware v. Cooper,* 2010 WL 6637817, *5–6 (W.D. La.2010), *Thomas v. Cain*, 2007 WL 2874778, *6–8 (W.D. La.9/7/07), COA denied, No. 07–30978 (5th Cir.7/25/08) (unpublished) and *Batiste v. Cain*, 2009 WL 3518169, *4–5 (W.D. La.2009) (unpublished).

A petitioner has "technically exhausted" his federal claims if he fails to properly and timely present them to the Louisiana courts and is thereafter time-barred from seeking relief in the Louisiana courts. *Magouirk v. Phillips*, 144 F.3d 348 (5th Cir.1998) *citing Coleman v. Thompson*, 501 U.S. 722, 731–33, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1986) and *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir.1995); *Coleman*, 111 S.Ct. 732, 735 fn. 1; *Bledsue*, 188 F.3d at 254–55; *Fuller v. Johnson,* 158 F.3d 903, 905–06 (5th Cir.1998). In such a case, however, there is no difference between non-exhaustion and procedural default. *Magouirk*, 144 F.3d at 358. Accordingly, when a petitioner fails to exhaust state court remedies because he has allowed his federal claims to lapse, those claims are "technically" procedurally defaulted. *Id.*

12

Since petitioner failed to properly present claims 1-4 to the Louisiana Supreme Court, those claims remain unexhausted, and, for purposes of federal *habeas corpus* review, because petitioner cannot now meet the exhaustion requirement, those claims are "technically" procedurally defaulted.[7]  *See Wilder; O'Sullivan; Magouirk; Richardson; Mercadel; Dupuy; Coleman; Sones; Bledsue;* and *Fuller, supra*. Indeed, under factually similar circumstances, this Court has found claims which were never properly presented to the Louisiana Third Circuit Court of Appeal were "technically" procedurally defaulted. *Grace*, 2015 WL 2185207, *6 *citing Ware*, 2010 WL 6637817, *5–6, *Thomas*, 2007 WL 2874778, *6–8 and *Batiste,* 2009 WL 3518169, *4–5.

### B.  Traditional Procedural Default

Further, since the Third Circuit did not rule on the merits of petitioner's post-conviction claims because petitioner failed to comply with  Louisiana Code Criminal Procedure article 912.1(C),  Uniform Rules –  Courts of Appeal, Rule 4-5 and Third Circuit Internal Rule 16 , Claims 1-4 are also traditionally procedurally defaulted. This is so because the last reasoned decision on these claims, that of the  Louisiana Third Circuit Court of Appeal,  clearly and expressly relied on state procedural rules

---

[7] 3Post conviction relief is now unavailable to petitioner under La.C.Cr.P. art. 930.8 which provides a two year limitations period for filing such applications. The limitations period generally runs from the date that the judgment in question became final.

as the basis for the court's Judgment.[8] *See Harris* and *Sones, infra*.

The "traditional" procedural default doctrine applies to bar federal *habeas corpus* review when a state court declines to address a prisoner's federal claims because the prisoner failed to follow a state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).

Federal courts typically refuse to reach the merits of questions of federal law if the state courts have expressly relied on an "adequate and independent" state procedural ground in refusing to review the claim. "An 'adequate' rule is one that state courts strictly or regularly follow, and one that is applied evenhandedly to the vast majority of similar claims." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir.1997), *cert. denied*, 523 U.S. 1125 (1998), citing *Amos* v. Scott, 61 F .3d 333, 339 (5th Cir. 1995). A state procedural rule enjoys a presumption of adequacy when the state court expressly relies on it in deciding not to review a claim for collateral relief. *Id.*, citing *Lott v. Hargett* 80 F.3d 161, 165 (5th Cir.1996). A procedural rule is "independent" when the last state court rendering a judgment in the case "clearly and expressly" indicates that its judgment rests on the procedural ground. *Amos*, 61 F.3d at 338.

---

[8]The Louisiana Supreme Court did not articulate reasons for its denial of writs. However, where there has been a reasoned state court judgment which explicitly rejects the federal claim on state procedural grounds, subsequent unexplained judgments upholding the previous judgment or rejecting the claim are presumed to rely upon the same ground. In other words, when the last reasoned decision on the claim explicitly relied upon a state procedural default, federal courts must presume that later decisions rejecting the claim "did not silently disregard that bar and consider the merits." *Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).

The procedural rules identified in this case satisfy both requirements. Petitioner  makes no showing that Louisiana Code of Criminal Procedure article 912.1(C),  Uniform Rules –  Courts of Appeal, Rule 4-5 or Third Circuit Internal Rule 16 are not evenhandedly applied.  Thus, these state court procedural rules are presumed "adequate."  Moreover, while most appellate court decisions declining review of writ applications are unpublished, review of published Louisiana jurisprudence establishes that the Louisiana courts of appeal regularly invoke the requirements of Rule 4  and article 912.1  to bar review of non-conforming writ applications.  *See Grace,* 2015 WL 2185207, *7 *citing Ware*, 2010 WL 6637817, *7 (and cases cited therein);  *Thomas*, 2007 WL 2874778, *9 (and cases cited therein); *Batiste*, 2009 WL 3518169, *6 (and cases cited therein).  For this reason, this Court has repeatedly found that Rule 4 of the Uniform Rules of the Courts of Appeal and article 912.1 is "adequate" for purposes of application of the "traditional" procedural default doctrine.  *Grace,* 2015 WL 2185207, *7 ; *Ware,* 2010 WL 6637817 at *7; *Thomas*, 2007 WL 2874778, *9 and  *Batiste*, 2009 WL 3518169, *6.

Moreover,  the rules cited by the Third Circuit are "independent" because the last reasoned judgment on petitioner's claims 1-4, that of the Third Circuit Court of Appeals, expressly relied solely on state procedural rules (Rule 4-5,

article 912.1(C) and Internal Rule 16)  when it declined review of the merits of petitioner's claims.  The Louisiana Supreme Court did not specify reasons for its denial of review; it must therefore be presumed that the Supreme Court, like the Third Circuit, did not reach the merits of the claims. *Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).[9]

### i.  *Cause and Prejudice/Miscarriage of Justice*

Because petitioner's Claims 1-4  are both traditionally and technically procedurally defaulted, this court may  refuse to review the merits of these claims unless petitioner demonstrates that he should be excused from application of the procedural default doctrine. This he can do by showing cause and prejudice for the default or that a miscarriage of justice will result from the denial of federal *habeas* review. See *Finley*, 243 F.3d 215, 220-221 (5th Cir. 2001); *Coleman*, *supra; McCleskey v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *Moore v. Roberts*, 83 F.3d 699 (5th Cir.1996); *Gray v. Netherland*, 518 U.S. 152, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996); *Sones*, 61 F.3d at 416. *Murray*, 477 U.S. at 496, 106 S.Ct. at 2649; *Glover*, 128 F.3d at 904; *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir.1995); *Callins v. Johnson*, 89 F.3d 210, 213 (5th Cir.1996) quoting *McClesky*, 499 U.S. at 495, 114 S.Ct. at 1471.

--------

[9] *See* fn. 8, *supra.*

### a).  *Cause and prejudice*

In *Murray v. Carrier*, the Supreme Court explained that "cause" requires an impediment external to the defense:

> "[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable, would constitute cause under this standard. *Id.* at 488, 106 S.Ct. at 2645 (internal citations omitted)."

With respect to his failure to provide state court records to the Third Circuit pursuant to his Writ of Review, petitioner states that he was "unable to send a bulky bunch of exhibits he didn't have from the Court." [Rec. Doc. 1-1, p. 15] In his *Pro Se* Writ Application to the Louisiana Supreme Court, petitioner stated that certain records were lost or misplaced due to relocations around the prison facility. [Rec. Doc. 8-1, pp. 11-12].  To the extent that these allegations may be construed as an argument that cause exists to excuse petitioner's default, that argument is unavailing. Although documents may not have been immediately available to petitioner, that circumstance is of no moment, since Uniform Rules of the Courts of Appeal – Rule 4-3 would have allowed petitioner to seek and obtain an extension of the return date while he awaited production or receipt of the needed documents.

Clearly, the cause of the default was petitioner's failure to properly file his writ application with the Third Circuit, a circumstance which was not external to the defense.  Because petitioner fails to demonstrate cause, the court need not consider whether there is actual prejudice. *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir.1992).

### b)  *Miscarriage of Justice*

In order for a *habeas corpus* petitioner to avoid a procedural default by showing a fundamental miscarriage of justice, the petitioner must assert his actual innocence by showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986); *Glover*, 128 F.3d at 904. To support such an exception, the petitioner must allege that as a factual matter he did not commit the crime of which he was convicted. *Corwin v. Johnson*, 150 F.3d 467, 473 (5 Cir.1998); *Ward v. Cain*, 53 F.3d 106, 108 (5 Cir.1995). Thus, the petitioner must make a "colorable showing of factual innocence." *Callins v. Johnson*, 89 F.3d 210, 213 (5th Cir.), *cert. denied*, 519 U.S. 1017, 117 S.Ct. 530, 136 L.Ed.2d 416 (1996) quoting *McClesky v. Zant*, 499 U.S. 467, 495, 114 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1993). Petitioner has not shown as a factual matter that he is actually innocent of the crime of which he was convicted, and thus he will not suffer a fundamental miscarriage of

justice from this court's failure to consider his claims. Accordingly, petitioner cannot avoid procedural default of Claims 1-4 on grounds of actual innocence.

## II. *Claim 5*

From the record presently before this Court, it appears that petitioner's fifth claim for relief, that there was juror misconduct, was not the subject of a procedural default in the Louisiana state courts.  Accordingly, that claim should remain pending for further proceedings.

In light of the above;

**IT IS RECOMMENDED** that petitioner's first, second, third and fourth claims for relief, that the lower courts abused their discretion in denying petitioner's Writ of Review to the Louisiana Supreme Court because petitioner failed to attach records of the state's lower courts, that petitioner received ineffective assistance of counsel because defense counsel failed to advise petitioner of a plea offer, that petitioner received ineffective assistance of counsel because  defense counsel failed to investigate and raise a proper defense and that petitioner was denied due process of law due to  prosecutorial misconduct, respectively, be **DENIED AND DISMISSED WITH PREJUDICE** because these claims are  procedurally defaulted.

19

**IT IS FURTHER RECOMMENDED** that petitioner's fifth claim for relief, that there was juror misconduct, remain pending for further review.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have fourteen (14) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be

20

taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

Signed at Lafayette, Louisiana this 25th day of October, 2016.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**