**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **SIMON LEWIS** | **CIVIL ACTION NO. 6:16-CV-00615** |
| **LA. DOC #542105** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **N. BURL CAIN** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

**REPORT AND RECOMMENDATION**

*Pro se* petitioner Simon Lewis, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on May 4, 2016. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections; he is incarcerated at the Louisiana State Penitentiary, Angola, where he is serving the life sentence imposed following his August 26, 2010 conviction for second degree murder.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

*Background*

On February 7, 2008, Petitioner was charged by a grand jury in the 15th Judicial District Court, Lafayette Parish, with first degree murder in violation of La. R.S. 14:30. On May 6, 2008, upon the State's motion, the indictment was amended to second degree murder, in violation of La. R.S. 14:30.1. On August 26, 2010, petitioner was convicted by a jury of

second degree murder. On October 10, 2010, a life sentence was imposed.[1]

Petitioner directly appealed to the Louisiana Third Circuit Court of Appeal, filing both a counseled and pro se brief. While Petitioner did not provide his appellate brief in conjunction with the instant petition, the Third Circuit's opinion sets forth the two assignments of error: (1) the trial court erred in overruling his objection to the State's use of his recorded statement given to police on January 16, 2008, in light of evidence that the police officer followed a departmental protocol in not turning on the tape recorder while Mr. Lewis was making exculpatory statements; and (2) the trial court erred in denying his motion for a new trial after learning that a juror who had not been sequestered during the trial went to the crime scene at night and reported his findings to the jury the following day. *Id.*

On November 2, 2011, the Third Circuit affirmed petitioner's conviction.[2] *Id.* Petitioner sought further review in the Louisiana Supreme Court on an unknown date. The Louisiana Supreme Court denied review on April 9, 2012. *State v. Lewis*, 2011-2662 (La. 4/9/12), 85 So.3d 694. Petitioner did not seek further review in the United States Supreme Court. [Rec. Doc. 1, p. 4, ¶9(h)]

On March 8, 2013, Petitioner filed a pro se application for post-conviction relief in

---

[1] See procedural history contained in the Third Circuit's ruling on petitioner's direct appeal. *State v. Lewis*, 2011-357 (La. App. 3 Cir. 11/2/11), 2011 WL 5171753.

[2] The Third Circuit found one error patent, an incorrect statutory citation; however, it held that the record showed no indication that the citation error prejudiced Defendant and accordingly, the error was harmless. *Id.* at *1.

2

the 15th Judicial District Court. [Rec. Doc. 1-2, pp. 10-41] He argued four claims for relief: (1) ineffective assistance of trial counsel for failing to advise petitioner of a plea offer from the state; (2) petitioner requested DNA/fingerprint evidence to be produced (tested) as it would exonerate him of the charges; (3) prosecutorial misconduct on the following grounds: (a) prosecution presented inadmissable evidence; (b) prosecution knowingly introduced false testimony; and (c) prosecutor made improper comments in closing arguments; and (4) ineffective assistance of trial counsel for failure to investigate for exculpatory defense materials.

On May 17, 2013, pursuant to receipt of the District Attorney's answer to the application, the court ordered representation by the Indigent Defender's Office; counsel was appointed and the matter was set for hearing. [Rec. Doc. 1-2, p. 6] According to Petitioner, a hearing was held on November 12, 2013, pursuant to which his court-appointed counsel, in connection with negotiations with the state, abandoned his claim related to DNA/fingerprint evidence. [Rec. Doc. 1-1, pp. 1-2] The court ruled that petitioner failed to establish that a plea offer existed, failed to prove any misconduct occurred and failed to prove ineffective assistance of counsel. [Rec. Doc. 1-1, p. 2]

On February 28, 2014, petitioner's counsel motioned the court to amend petitioner's post-conviction application to include a claim for jury misconduct.[3] A hearing was conducted on May 5, 2014, to determine whether the actions of a juror visiting the crime scene and

---

[3] See procedural history contained in the trial court's ruling on Petitioner's Post-Conviction Relief Application, Doc. 1-2, pp. 8.

reporting information during deliberation deprived the defendant of the safeguards, fundamental fairness, and due process afforded during a criminal trial. *Id.* In denying Petitioner's Supplemental Application for Post-Conviction Relief on June 17, 2014, the trial court held that while the juror's actions did amount to misconduct, that misconduct did not prejudice or improperly influence the case. *Id.*

Petitioner filed two separate writ applications with the Third Circuit Court of Appeal. The first, bearing Docket Number KH-13-01414, was filed on or about December 16, 2013, raising the following claims previously raised in petitioner's original post-conviction application: (1) ineffective assistance of trial counsel, where counsel failed to inform him of a plea offer; (2) ineffective assistance of trial counsel, where counsel failed to investigate and raise a proper defense; (3) prosecutorial misconduct; and (4) the trial court abused its discretion in denying petitioner's writ based upon his failure to attach records of the lower court. [See Rec. Doc. 8-1, pp. 2-21][4] This writ application was denied by the Third Circuit on March 19, 2014, as deficient and not in compliance with La. Code Crim. P. art. 912.1(C), Uniform Rules – Courts of Appeal, Rules 4-5 and Third Circuit Internal Rule 16. According to the Third Circuit, petitioner's writ application did not contain a certificate of service on the judge and opposing counsel, an index of all items contained therein, an affidavit of correctness, a concise statement on the grounds on which the jurisdiction of the Court is

---

[4]While Petitioner did not provide a copy of his Writ of Review to the Third Circuit Court of Appeal, this Court is able to deduce that these were the issues raised therein based on his Writ Application to the Louisiana Supreme Court, Rec. Doc. 8-1, pp. 2-21

invoked, a copy of the judgment, order, or ruling complained of (if by written judgment, order or ruling), a copy of the judge's reasons for judgment, order, or ruling (if written), a copy of the pleading on which the judgment, order, or ruling was founded, a copy of the November 12, 2013 post-conviction hearing transcript and any evidence introduced at the hearing. [Rec. Doc. 8-1, p.1].

Instead of attempting to cure the procedural deficiencies noted by the Third Circuit, petitioner filed a writ application in the Louisiana Supreme Court on or about April 17, 2014, presumably raising the same issues raised in the Third Circuit. That writ application was denied on February 6, 2015, without comment. *State ex rel. Simon Lewis v. State of Louisiana*, 2014-0866 (La. 2/6/15), 158 So.3d 811; *see also* Rec. Doc. 8-1, p. 22.

On or about November 21, 2014, petitioner filed a second writ application in the Third Circuit, which was assigned Docket No. KH-14-01235. While this application to the Third Circuit was not provided, this Court can glean from the appellate court's ruling that the issue raised was that of juror misconduct related to the juror visiting the accident scene, the same claim raised in petitioner's second or supplemental post-conviction application. [Rec. Docs. 1-2, p. 4 & 8-1, p. 23] The Third Circuit denied this writ application, with reasons, on April 30, 2015. [Rec. Docs. 1-2, p. 4 & 8-1, p. 23].

On or about May 19, 2015, petitioner sought writs in the Louisiana Supreme Court.[5]

---

[5]Petitioner raised the following claims: (1) whether the act of a juror visiting the crime scene and reporting this information to the jury during deliberation violative of the district court's jury instructions and sequestration order that deprived Mr. Lewis of the safeguards, the fundamental fairness, and the Due Process afforded at all phases of a criminal trial; and (2)

5

On March 24, 2016, the Louisiana Supreme Court denied supervisory writs finding that there was no error in the lower court's ruling. *State ex rel. Simon Lewis v. State of Louisiana*, 2015-KH-1035 (La. 3/24/16), 188 So.3d 1013; *see also* Rec. Docs. 1-2, pp. 2-4 & 8-1, p. 42-43.

The instant petition for writ of habeas corpus was filed on May 5, 2016. [Rec. Doc. 1] It was initially unclear as to the exact claims raised in his petition, and in his August 30, 2015 Response to Magistrate Judge's Order to Amend Petition [Rec. Doc. 8], petitioner clarified that he is raising the following claims: "(1) the lower courts abused their discretion in denying petitioner's Writ of Review to the Louisiana Supreme Court for petitioner to attach records of the state's lower courts that petitioner was not able to obtain; (2) petitioner received ineffective assistance of counsel where defense counsel failed to advise petitioner of a plea offer; (3) petitioner received ineffective assistance of counsel when defense counsel failed to investigate and raise a proper defense; (4) petitioner was denied due process of law due to prosecutorial misconduct; and (5) jury misconduct." [Rec. Doc. 8].

On December 15, 2016, this Court dismissed claims 1-4, as procedurally defaulted. [Rec. Doc. 16] Accordingly, the sole claim currently before this Court is that involving jury misconduct.

---

whether the failure of the jury to follow the district court's jury instructions and allow for adequate deliberation contributed to the denial of the fundamental fairness and Due Process afforded to the accused. [Rec. Doc. 8-1, pp. 24-41]

*Law and Analysis*

**I. Standard of Review - 28 U.S.C. § 2254**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, 28 U.S.C. § 2254, governs habeas corpus relief. The AEDPA limits how a federal court may consider habeas claims. After the state courts have "adjudicated the merits" of an inmate's complaints, federal review "is limited to the record that was before the state court[.]" *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). An inmate must show that the adjudication of the claim in state court:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A decision is "contrary to" clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Dowthitt v. Johnson*, 230 F.3d 733, 740-41 (5th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362 (2000)). "The 'contrary to' requirement refers to holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state court decision." *Id.* at 740. Under the "unreasonable application"

clause, a federal habeas court may grant the writ only if the state court "identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies the principle to the facts of the prisoner's case." *Id.* at 741.

Section 2254(d)(2) speaks to factual determinations made by the state courts. Federal courts presume such determinations to be correct; however, a petitioner can rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## II. Timeliness

The petitioner's conviction became final on May 9, 2012, when his time for seeking review in the United States Supreme Court on direct appeal expired. Thus 303 days accrued toward his one year limit before he filed his application for post-conviction relief on March 8, 2013.

Under § 2244(d), only "properly filed" applications for post-conviction relief or other state collateral review can toll the one year limitation. "An application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 121 S.Ct. 361, 364 (2000) (emphasis in original).

On March 8, 2013, Petitioner filed a pro se application for post-conviction relief in the state district court. On February 28, 2014, petitioner's counsel motioned the court to amend petitioner's post-conviction application to include a claim for jury misconduct. A hearing was conducted on May 5, 2014, to determine whether the actions of a juror visiting the crime scene and reporting information during deliberation deprived the defendant of the

safeguards, fundamental fairness, and due process afforded during a criminal trial and petitioner's Supplemental Application for Post-Conviction Relief was denied on June 17, 2014.

The issue of juror misconduct was brought before the Third Circuit on or about November 21, 2014. The Third Circuit denied this writ, on the merits, on April 30, 2015. On or about May 19, 2015, petitioner sought writs in the Louisiana Supreme Court, raising the following claims: (1) whether the act of a juror visiting the crime scene and reporting this information to the jury during deliberation violative of the district court's jury instructions and sequestration order; and (2) whether the failure of the jury to follow the district court's jury instructions and allow for adequate deliberation contributed to the denial of the fundamental fairness and Due Process afforded to the accused. On March 24, 2016, the Louisiana Supreme Court denied petitioner's application for supervisory writs, finding that there was no error in the lower court's ruling.

The instant petition was filed in this Court on May 4, 2016. Thus, as 345 days accrued against § 2244(d)'s one year limit, this matter is timely.

**III. Exhaustion of State Court Remedies and Procedural Default**

The claim of jury misconduct presently before this Court has been exhausted and rejected on the merits in the state courts. Therefore, no basis for procedural default exists.

**IV. Plaintiff's Claim**

The record in this matter reveals that a juror, prior to being sequestered, drove by the

crime scene to observe lighting conditions and reported on his findings to the jury. A hearing was conducted by the trial court on May 5, 2014, to determine whether the jurors' actions violated the trial court's sequestration order and deprived petitioner of the safeguards, fundamental fairness, and due process. The court, following La. Code of Criminal Evidence article 930, allowed petitioner to present any evidence and question any witnesses he desired. After hearing from 9 of the 12 jurors, the trial court held that while the juror's actions did amount to misconduct, that misconduct did not prejudice or improperly influence the case. [Rec. Doc. 17-6, pp. 33-34] It was determined that the focal point of the case was the petitioner's confession as to the homicide he was accused of committing. The trial court's findings were upheld by the Third Circuit [Rec. Docs. 1-2, p. 4 & 8-1, p. 23] as well as the Louisiana Supreme Court [Rec. Docs. 1-2, pp. 2-4 & 8-1, p. 42-43].

The United States Supreme Court explained the proper procedure for handling investigations of jury tampering in *Remmer v. United States*, 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654 (1954). There, a juror was approached by a third party offering a bribe in exchange for a favorable verdict. The juror declined the offer, met ex parte with the trial judge, and was later interviewed by the F.B.I. The judge concluded that the juror was unbiased, and the defendant was convicted. The Court vacated the conviction, holding that a trial court should not take final action ex parte, but "should determine the circumstances, the impact thereof upon the juror, and whether or not it was prejudicial, in a hearing with all interested parties permitted to participate." *Id.* at 229–30, 74 S.Ct. at 45. The *Remmer* court held that any

outside influence on the jury was presumptively prejudicial and the burden fell on the government to rebut this presumption. *Id.*

Yet, years later, the Supreme Court backed away from this position, indicating that the presumption of prejudice and the assignment of the burden of proof are not triggered automatically but are imposed at the discretion of the district court. The first modification of *Remmer* occurred in *Smith v. Phillips*, 455 U.S. 209, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982). There, both the district court and the court of appeals concluded that a habeas petitioner was entitled to a new trial based on the alleged partiality of a juror who had applied for a job in the prosecutor's office. Although the trial court had conducted a hearing and determined that the juror was not prejudiced, the federal courts concluded that the trial court should have conclusively presumed prejudice, given the facts. 455 U.S. at 214, 102 S.Ct. at 944. The Supreme Court, citing *Remmer* as authority, reversed, holding that due process requires only that the trial court hold a hearing to determine the existence of prejudice. It concluded: "This Court has long held that the remedy for allegations of juror partiality is a hearing in which the defendant has the opportunity to prove actual bias." 455 U.S. at 215, 102 S.Ct. at 945 .

The Supreme Court once again called into doubt the *Remmer* presumption in *United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). There, the defendant claimed prejudice when the trial court permitted alternate jurors to sit in on deliberations, but instructed them not to participate. The Court summarized what it termed its "intrusion

jurisprudence," quoted *Phillips*, and concluded:

> There may be cases where an intrusion should be presumed prejudicial, but a presumption of prejudice as opposed to a specific analysis does not change the ultimate inquiry: Did the intrusion affect the jury's deliberations and thereby its verdict?

*Id.* at 739, 113 S.Ct. at 1780.

The Fifth Circuit in *United States v. Sylvester*, 143 F.3d 923 (5th Cir. 1998), held that the *Remmer* presumption of prejudice cannot survive *Phillips* and *Olano*. "Accordingly, the trial court must first assess the severity of the suspected intrusion; only when the court determines that prejudice is likely should the government be required to prove its absence. This rule comports with our longstanding recognition of the trial court's considerable discretion in investigating and resolving charges of jury tampering." *Id.* at 934. Relying on *Olano*, *supra* at 739, the *Sylevester* Court held that regardless of whether the presumption arises, the court's "ultimate inquiry" must be whether the intrusion will affect the jury's deliberations and verdict. *Id.*

In the matter at hand, the trial court, following Louisiana Code of Criminal Procedure and the applicable federal jurisprudence, held an evidentiary hearing to address jury misconduct. This Court finds that the lower court's ruling was well reasoned and notes that it was accepted by the Third Circuit of Appeals as well as the Louisiana Supreme Court.

Petitioner has failed to demonstrate that the state court adjudication of his claim of jury misconduct resulted in a decision that was contrary to, or involved unreasonable application of clearly established, federal law as determined by the Supreme Court of the

United States, or a decision that was based on an unreasonable determination of the facts in light of the evidence presented in those State Court proceedings.

Accordingly, federal *habeas* relief is not warranted with respect to this claim.

## Conclusion and Recommendation

For the foregoing reasons,

**IT IS RECOMMENDED THAT** the instant application be **DENIED** and **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** ***See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United

States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

In Chambers, Lafayette, Louisiana September 18, 2017.

                                          **PATRICK J. HANNA**
                            **UNITED STATES MAGISTRATE JUDGE**